Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 West Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>AUKUSATINO FOSI,<br><br>                Defendant. | Case No. 3:06-cr-0013-RRB<br><br>**MEMORANDUM OF LAW SUPPORTING MOTION TO DISMISS OR, IN THE ALTERNATIVE, REQUEST FOR ELECTION TO CURE DUPLICITY** |

**I.**  **Introduction.**

Aukusatino Fosi is charged by information with violating 18 U.S.C. § 111(a). The information alleges that Mr. Fosi "forcibly assault[ed], resist[ed], opposed, imped[ed], or interfer[ed] with Derrick S. Hayes, a contract security guard with the Department of Homeland Security, Federal Protective Service[.]"  The purpose of this motion is to ask that the information be dismissed as duplicitous or, in the alternative, that the government be directed to elect which portion of the statute it will contend at trial that Mr. Fosi violated.

**II.     The Information Is Duplicitous.**

An information is duplicitous whenever two or more distinct and separate offenses are joined in a single count. *United States v. UCO Oil Co.,* 546 F.2d 833, 835 (9th Cir. 1976), *cert. denied*, 430 U.S. 966 (1977). The vice of duplicity is that a jury may find a defendant guilty of a count without having reached an unanimous verdict on the commission of a particular offense. *Id.*

Title 18 U.S.C. § 111(a) outlaws forcibly assaulting, resisting, opposing, impeding, intimidating, or interfering with a federal officer. This statute describes separate offenses. *See, e.g., United States v. Johnson*, 462 F.2d 423, 428 (3rd Cir. 1972), *cert. denied*, 410 U.S. 937 (1972) ("the various words used to describe the type of behavior prohibited by Section 111 constitute separate and distinct offenses").

Because the information in this instance alleges more than one offense in a single count, it is duplicitous.

**III.    The Remedy For A Duplicitous Charge Is An Election By The Government To Cure The Duplicitiousness.**

*United States v. Ramirez-Martinez*, 273 F.3d 903 (9th Cir. 2001), discusses duplicitous charges and offers two remedies which will protect Mr. Fosi's right to a fair trial.

> [T]he rules about duplicity are pleading rules, the violation of which is not fatal to an indictment. Defendant's remedy is to move to require the prosecution to elect the charge within the count upon which it will rely. Additionally, a duplicitous indictment is remediable by the court's instruction to the jury particularizing the distinct offense charged in each count in the indictment. In other words, a defendant indicted pursuant to a duplicitous indictment may be properly prosecuted and convicted if either (1) the government elects between charges in the offending count, or (2) the court provides an instruction requiring all members of the jury to agree as to which of the distinct charges the defendant actually committed.

*Id.* at 915 (citations and quotation marks omitted).

At this stage of the proceedings, it is appropriate for the court to order an election by the government as to which crime alleged in the information. Compelling the election fosters clarity for the jury during the trial and simplifies the instructions that will ultimately be given at the end of the trial.

For all these reasons, Mr. Fosi asks the court to compel an election as to Count 1 no later than the Friday before trial commences.

Dated at Anchorage, Alaska this 24th day of February, 2006.

Respectfully submitted,

s/Kevin F. McCoy
Assistant Federal Defender
Alaska Bar No. 7705042
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:         907-646-3480
E-Mail:     kevin_mccoy@fd.org

Certification:

I certify that on February 24, 2006,
a copy of this document, with attachments,
was served electronically on:

Larry D. Card, Esq.

s/Kevin F. McCoy