DEBORAH M. SMITH
Acting United States Attorney

LARRY D. CARD
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
AK Bar No. 8011068

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | Case No. 3:06-cr-00013(RRB) |
| ) | |
| Plaintiff,   ) | |
| ) | **GOVERNMENT'S** |
| vs.   ) | **OPPOSITION TO DEFENSE** |
| ) | **MOTION TO DISMISS /** |
| AUKUSATINO FOSI,   ) | **ALTERNATIVE MOTION TO** |
| ) | **MOTION TO ELECT** |
| Defendant.   ) | |
| ) | |

COMES NOW the United States Attorney's Office, by and through

Larry D. Card, Assistant U.S. Attorney, and hereby responds to defendant

Aukusatino Fosi's Motion to Dismiss, or in the Alternative To

[Require] Request Election.

## FACTUAL AND PROCEDURAL HISTORY

On February 5, 2006, the defendant was arrested in Anchorage, Alaska by the Anchorage Police and the Federal Protective Service, on suspicion of assault on a federal officer. A complaint was first filed, and subsequently replaced by an information , which alleges as follows:

> On or about the 5th day of February, 2006, in Anchorage, Alaska, which is within the District of Alaska, the defendant, AUKUSATINO FOSI, did intentionally, forcibly assault, resist, oppose, impede, intimidate, *or* interfere with Derrick S. Hayes, a contract security guard with the Department of Homeland Security, Federal Protective Service, by tackling Hayes to the ground, choking Hayes, attempting to strike him in the face, and then attempting to unlawfully use Hayes' duty weapon all in violation of 18 U.S.C. § 111(a). (Italics added)

The basic facts supporting the information are largely undisputed, in that the date of the incident, the status of the person allegedly assaulted, and the fact that not many, but a single incident of assault allegedly occurred on February 5, 2006. The statutory language was followed where necessary to allege the single incident, placing the defendant on notice of the nature of the offense, and the various ways he committed the offense. Appropriately, the defendant has filed his motion before trial, and in accordance with the pretrial order, asking that the court either dismiss the charge as being duplicitous, or alternatively require the government to choose which of the means of having assaulted the officer he is going to have to defend.

## The Court Has no Basis for Dismissing the Information And Allowing An Amendment to The Information Will Resolve Any Potential Issue Of Duplicity

The Defendant has argued that the court should alternatively, either dismiss the charge in the information, or require the government to select which of the various means of assault he allegedly committed.  The defendant has cited *United States v. Johnson, 462 F.2d 423, 428 (3rd Cir. )* for the proposition that "separate and distinct"offenses are described in 18 U.S.C. 111(a).   In the *Johnson* case, the District Court was reversed by the 9th Circuit court of Appeals for dismissing the indictment containing 28 counts charging the defendants with making false statements in gasoline service station activity reports, credit card invoices, and maximum selling price forms submitted to the Internal Revenue Service.  The government had refused to make an election, narrowing how the defendants had violated the law as described by the governing statute.  The government had contended that the counts were not duplicitous because each was based on the making of a single false document.  The defendants had also attacked the indictment as being  multiplicitous, but the court's entire discussion dealt with the issue of duplicity.  In the instant case, the defendant suggests that either the government choose the means by which it alleges the defendant committed the

offense, or be subject to dismissal by the court. There is no allegation that congress has written legislation that does anything more than prohibit assault by many modes. See, *Prince v. United States, 352 U.S. 322, 77 S. Ct. 403 (1957),* in which the Court held, under the bank robbery statute (18 U.S.C. §2113) which prohibits both bank robbery and entry with intent to commit robbery and requires proof of different facts for each, that only one punishment could be imposed for one entry. Thus in the instant case, in the absence of some evidence to the contrary, it is difficult to assume that Congress intended that a defendant found guilty of assault on one occasion be exposed to more than one sentence. Merely because the government alleged various of the commission of the one event.

     Therefore, since the charge of misdemeanor assault in this case defines but a single offense, it should have more properly been charged *conjunctively* rather than *disjunctively,* that is placing an *and* in the information instead of an *or.* See *United States v. Alsop, 479 F.2d 65,66 (9th Cir. 1973).* Proof of any one of the allegations will sustain a conviction, *Toderow v. United States, 173 F,2d 439 (9th Cir.),* cert. Denied, *337 U.S. 925, 69 S. Ct. 1169 (1949))* but a judgment of guilty will bar any further prosecution with respect to any of the prohibited mens embraced within the count. *Turf Center, Inc. v United States, 325 F.2d793,796 (9th Cir. 1963 ):* 8  J. Moore, Federal Practice, para. 7.01(2) (2d ed. 1976); Rule 7

(c)(1), Fed. Rules of Crim. Pro.  In such cases, it is not a valid objection that the government has not disclosed its theory of proof in the information.  *United States v. Markee, 425 F.2d 1043, 1047-48 (9th Cir. ), cert. denied, 400 U.S. 847, 91 S. Ct. 93 (1970),* nor that the jury, in arriving at a unanimous verdict, may not agree on the particular means by which the offense was committed.

  Therefore, based on the foregoing, the government intends to move to amend the information to allege the means of having committed the offense in the conjunctive by adding an "and" and deleting the "or" that is currently in the information.  No new charge is being alleged, but an appropriate clarification to the defendant that he is being charged by information of having committed a single offense of assault, not many, or one requiring the government to elect which of the

//

//

means of committing the offense that he is alleged of having performed on the 5${}^{th}$ of February of 2006. The government's motion to amend the information should be granted, and the defendant's deemed moot by the government's action to cure any issue of duplicity.

RESPECTFULLY SUBMITTED on this 2nd day of March, 2006, in Anchorage, Alaska.

DEBORAH M. SMITH
Acting United States Attorney

s/ Larry D. Card
Assistant U.S. Attorney
222 West 7${}^{th}$ Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: larry.card@usdoj.gov
Alaska Bar No. 8011068

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2006
a copy of the foregoing Opposition to Motions
was served via electronic service:

Kevin McCoy

s/ Larry D. Card