UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>vs.<br><br>AUKUSATINO FOSI,<br><br>        Defendant. | 3:06-cr-00013-RRB-JDR<br><br>**RECOMMENDATION REGARDING MOTION TO DISMISS**<br><br>(Docket No. 14) |

Defendant, **Aukusatino Fosi** moves to dismiss the indictment (sic) or, in the alternative, to require the government to make an election to cure the duplicitous nature of the information (sic). Docket No. 14. The government opposed the motion, Docket No. 20, and filed a superseding information. Docket No. 23.

Fosi is charged with violating 18 U.S.C. §111(a) (1) which provides in pertinent part that whoever "forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in §1114 of this title while engaged in or on account of the performances of official duties . . . "shall be guilty of an offense." Fosi argues that the information is duplicitous because two or more distinct and separate offenses are joined in a single count.  "Duplicity" is the joining in a single count of two or more distinct and separate offenses.  See, United States v. UCO Oil Co., 546 F.2d 833, 835 (9th Cir. 1976), cert. denied, 430 U.S. 966 (1977); United States v. Aguilar, 756 F.2d 1418, 1420 n.2 (9th Cir. 1985).

The question is whether 18 U.S.C. § 111 creates more than one offense or merely describes ways and means by which a single offense may be committed. Rule 7(c) of the Fed.R.Crim.P. permits allegations in a single count that a defendant committed an offense by one or more specified means.  Thus if § 111 creates a single offense involving multiple ways and means of action and procedure, the defendant may be charged in a single count.  On the other hand, if § 111 includes several different offenses, to charge them in a single count would be duplicitous.

The focus of a duplicity inquiry is whether distinct and separate offenses are alleged in one count. United States v. Correa-Ventura, 6 F.3d 1070, 1081 n.3 (5th Cir. 1993).  The problem created by a duplicitous count is that there is no way in which the jury can convict on one offense and acquit on another offense contained

in the same count. 1A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure: Criminal § 142 (3d Ed.)

In United States v. Johnson, 462 F.2d 423 (3d Cir. 1972), cert. denied, 93 S.Ct. 1396, the court held that assault and wilful and forcible intimidation and resistance constitute separate and distinct offenses under §111. Similarly in United States v. Marcello, 423 F.2d 993 (5th Cir. 1970), cert. denied, 90 S.Ct. 2172, the Fifth Circuit ruled that the words "assaults" and "intimidates" within the meaning of §111 making it an offense to forcibly assault or intimidate a designated person while engaged in or on account of the performance of his official duties proscribed two different offenses and are not synonymous for the same offense.

In the instant case, the government's proposed remedy to charge conjunctively rather than disjunctively (replacing "or" with "and") does not remedy the matter because the superseding information charges more than one offense in a single count. That a judgment of guilty would bar further prosecution with respect to any of the prohibited means embraced within that count does not entirely resolve the issue. A general verdict of guilty will not reveal whether the jury found the defendant guilty of one crime and not guilty of the others, or guilty of all. This could possibly prejudice the defendant in sentencing, in obtaining appellate review, and in protecting against double jeopardy. See, 1A Wright & Miller, supra.

Wherefore, the defendant's motion to dismiss Count 1 has merit. The

government should be directed to re-amend its information to cure the issue of duplicity or suffer a dismissal with prejudice.  IT IS SO RECOMMENDED.

DATED this 10th day of March, 2006, at Anchorage, Alaska.


/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge


Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON, Friday, March 17, 2006,** to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.  McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).  The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000).  Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers.  Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support.  Response(s) to the objections shall be filed on or before **NOON, Wednesday, March 22, 2006**.  The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.  See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).